**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JUDY A. RUCKER                                                                    PLAINTIFF

v.                                          5:07CV00286 WRW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William

R. Wilson.  The parties may file specific objections to these findings and recommendations and must

provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no

later than eleven (11) days from the date of the findings and recommendations.  A copy must be

served on the opposing party.  The District Judge, even in the absence of objections, may reject these

proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Judy A. Rucker,[1] has appealed the final decision of the Commissioner of the Social

Security Administration denying her claim for Supplemental Security Income (SSI), based on

disability.  Both parties have submitted Appeal Briefs (docket entries #10 and #11), and the issues

are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and whether it is based on legal error.

*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  While "substantial

---

[1]Some documents identify Plaintiff as "Judy Ann Booker."  (Tr. 12, 62, 159)  During the hearing,
she explained that she had remarried in October of 2005.  (Tr. 220-21.)

evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[2] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In her Disability Report, Plaintiff alleged that she was limited in her ability to work by blackouts, headaches, ulcers, reduced vision, and difficulty reading and writing. (Tr. 92.) After conducting an administrative hearing, during which Plaintiff, a daughter, and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability at any time through March 28, 2007, the date of his decision. (Tr. 18.) On September 28, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 2-4.) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 45 years old at the time of the administrative hearing and had completed the ninth grade in school.[3] (Tr. 222.) She had additional Job Corps training in the field of nursing. (Tr.

---

[2]*Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

[3]She told a consulting psychologist that she was in regular classes (Tr. 110) but indicated in her Disability Report that she was enrolled in special education classes. (Tr. 97.)

97, 110.)  She has past work as a poultry worker.  (Tr. 236.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  Step 1 involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i) (2005).  If the claimant is, benefits are denied, regardless of medical condition, age, education, or work experience.  *Id.* at § 416.920(b).

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment.  *Id.*, § 416.920(a)(4)(ii).  If not, benefits are denied.  *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 416.920(a)(4)(iii).[4]  If so, and the duration requirement is met, benefits are awarded.  *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work.  *Id.*, § 416.920(a)(4)(iv).  If so, benefits are denied.  *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date, January 1, 1995[5] (Tr. 14); (2) had "severe" impairments, which included

---

[4]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e).  This RFC is then used by the ALJ in his analysis at Steps 4 or 5.  *Id.*

[5]During the administrative hearing, the ALJ questioned Plaintiff about her four previous applications for disability benefits, which date back to 1995.  (Tr. 230.)  Presumably, the determinations on those applications are entitled to administrative finality.  In any event, Plaintiff filed the current application for SSI benefits on June 17, 2005. (Tr. 18, 50-52.)  SSI benefits are not payable for a period prior to the application.  20 C.F.R. § 416.335 (2006); *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

borderline intellectual functioning, and gastritis/duodenitis (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) was not entirely credible regarding the intensity, persistence and limiting effects of her symptoms (Tr. 15); (5) retained the RFC to lift up to 25 pounds occasionally, stand/walk six hours out of an eight-hour workday, two hours without interruption, sit for a total of six hours in an eight-hour workday, two hours without interruption, and could occasionally balance, stoop, crouch, kneel and crawl (Tr. 14); (6) was unable to perform any of her past relevant work (Tr. 16-17); and (7) was able to perform other work, which included jobs that existed in significant numbers in the national economy.[6] (Tr. 17.)  Thus, the ALJ concluded that Plaintiff was not disabled.  (Tr. 18.)

In reaching his decision, the ALJ committed several fundamental errors.  Thus, this case must be reversed and remanded.

First, at step 5 on his analysis, the ALJ did not expressly acknowledge the shift in the burden of production.[7]  This omission by the ALJ constitutes reversible error unless all of the evidence is so strongly against Plaintiff's position that a proper allocation of the burden would not have changed the outcome.  *Roberts v. Apfel*, 222 F.3d 466, 471 (8th Cir. 2000); *Pope v. Bowen*, 886 F.2d 1038, 1040 (8th Cir. 1989).  The Court concludes that all of the evidence is not so strongly against Plaintiff's position that a proper allocation of the burden would not have changed the outcome.

Second, the ALJ's RFC determination contains physical limitations, but no mental limitations. (Tr. 14.) In view of medical evidence of mental restrictions, including the ALJ's finding that Plaintiff suffered from "severe" borderline intellectual functioning, this omission requires

---

[6]In reaching his decision, the ALJ utilized the testimony of a vocational expert in response to a hypothetical question.  (Tr. 17-18.)

[7]Plaintiff bears the burden of proving disability.  *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995).  Although the ultimate burden of persuasion does not shift, the burden of production shifts to the Commissioner if Plaintiff is unable to perform her past relevant work.  *Id.; accord, Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

reversal.[8]

Third, the ALJ erred in failing to address whether Plaintiff met Listings 12.05C or 12.05D. Plaintiff was administered the Wechsler Adult Intelligence Scale-3d edition and scored a verbal IQ of 64, performance IQ of 69 and full-scale IQ of 63.  (Tr. 111.)  On their face, these scores are sufficient to meet a portion of the requirements of Listings 12.05C and 12.05D.  20 C.F.R. Pt. 404, Subpt. P, App. 1 (2006).  Because the psychologist who administered the test questioned Plaintiff's effort, it may be that the ALJ rejected these scores as invalid.  (Tr. 111-12.) However, because the ALJ does not address this issue in his decision, the Court can only speculate.  Because the ALJ failed to examine whether Plaintiff met Listings 12.05C or 12.05D, his step 3 determination was flawed. *See Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (ALJ failed to support Step 3 findings by explaining whether he considered 12.05C).

Fourth, the ALJ misunderstood or misconstrued the vocational expert's testimony.  In his decision, the ALJ stated, "The claimant has past relevant work which required her to perform work activity outside her current residual functional capacity.  Accordingly, the claimant is unable to perform past relevant work."  (Tr. 17.)  The vocational expert categorized Plaintiff's past work as follows: "She was a poultry worker.  She was a hanger part of the time.  It was unskilled, medium work.  And then she worked on the line.  That would be unskilled, light work."  (Tr. 236.)  When asked whether the hypothetical individual could return to Plaintiff's past relevant work, the vocational expert responded:  "She could return to the light work that she was doing, Your Honor. She couldn't do the medium work because she would have to be able to lift up to 50 lbs."  (Tr. 237.) In other words, Plaintiff could have returned to working on the line at a poultry plant but not to her job as a hanger at a poultry plant.

---

[8]Borderline intellectual functioning is a significant nonexertional impairment that must be considered by a vocational expert.  *E.g., Swope v. Barnhart*, 436 F.3d 1023, 1025 (8th Cir. 2006); *Lucy v. Chater*, 113 F.3d  905, 908 (8th Cir. 1997).

The ALJ also stated:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as a cafeteria attendant, medium and unskilled, with 15,000 such jobs in the region and 250,000 in the nation and house[]cleaner, medium and unskilled with 10,000 such jobs in the region and 200,000 in the United States.

(Tr. 17.)  Actually, the vocational expert identified the job of cafeteria attendant as light and maids or housekeepers as light.  (Tr. 237.)  The ALJ also incorrectly stated that Plaintiff was 33 years old when she was actually 45.  (Tr. 17.)  Such discrepancies undermine the Court's confidence in the ALJ's analysis at step 5.  *See Baumgarten v. Chater*, 75 F.3d 366, 368-69 (8th Cir. 1996) (several inconsistencies relied upon by ALJ not supported by record).

Based on these errors and the record as a whole, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Therefore, the ruling of the Commissioner should be reversed and the matter remanded.  If the sequential evaluation goes to Step 5, the shift in the burden must be recognized.  This should be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be reversed and remanded for action consistent with this opinion.

DATED this 3rd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE